# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

**CLARA HAMPTON**                                                                 **PLAINTIFF**

**V.**                                                            **NO. 1:17CV00004-JMV**

**CAROLYN W. COLVIN,**
**COMMISSIONER, UNITED STATES**
**SOCIAL SECURITY ADMINISTRATION**                        **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration, denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held June 21, 2017, the court finds the ALJ failed to properly assess the opinions of the claimant's treating psychiatrist and, consequently, the ALJ's mental residual functional capacity ("RFC") determination is not based upon substantial evidence. Specifically, the ALJ failed to conduct the analysis of the six factors required by *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000) and 20 C.F.R. § 404.1527(d) prior to assigning "little" weight to the opinions given in Dr. Robert Hardy's medical source statement. Indeed, there was no physician opinion contradicting Dr.

Hardy's opinions regarding the claimant's ability to perform work-related activities, including–but not limited to–his assessments that the claimant had poor or no ability to "interact appropriately with the general public;" "deal with normal work stress;" and "accept instructions and respond appropriately to criticism from supervisors."

The court finds the ALJ's failure to properly consider Dr. Hardy's opinions prejudiced the claimant. For example, had the ALJ considered the "consistency of [Dr. Hardy's] opinion[s] with the record as a whole,"[1] the ALJ would have had to address the fact that Dr. Hardy's opinion (among others) that the claimant would miss more than three days of work per month was consistent with the opinion of Dr. A.P. Soriano, who also provided treatment for the claimant's mental impairments. And, to go a step further, it is hard to imagine that had the ALJ incorporated Dr. Hardy's and Dr. Soriano's conclusion into the claimant's RFC, a vocational expert would not have opined that the number of available jobs would be drastically diminished.

Ultimately, having essentially rejected most of Dr. Hardy's conclusions, the ALJ's mental residual capacity findings were based upon the ALJ's layperson assessment of the claimant's mental condition.

On remand the ALJ shall reconsider Dr. Hardy's opinion and perform the appropriate analysis. If the opinion evidence of record is insufficient for the ALJ to assess the extent of the claimant's mental limitations, the ALJ shall order a comprehensive mental status examination of the claimant. The consultative examiner shall be provided with copies of the

---

[1] *See* 20 C.F.R. § 404.1527(d)(2)(4).

claimant's mental health records and be required to give an assessment of the claimant's ability to perform the relevant mental work-related activities.  In any event, the ALJ shall conduct another hearing and obtain the necessary vocational evidence.  The ALJ may conduct any additional proceedings not inconsistent with the court's ruling.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 22nd day of June, 2017.

/s/ Jane M. Virden<br>U. S. MAGISTRATE JUDGE